IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HILLIARD NELSON                                                                            PETITIONER
ADC #95169

V.                              NO. 5:13cv00029-JMM-JTR

RAY HOBBS, Director,                                                                       RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Hilliard Nelson, an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a Motion to Proceed *In Forma Pauperis*. (Docket entries #1, #2.) In his Petition, he seeks review of the Desha County Circuit Court's denial of various post-conviction petitions challenging

his 1990 first-degree murder conviction.

In 1996, Petitioner filed a § 2254 habeas action, in the Eastern District of Arkansas, challenging the *same conviction*. *See Nelson v. Norris*, E.D. Ark. No. 5:96cv00312-HW. On July 29, 1996, United States District Judge Henry Woods found that Petitioner was entitled to habeas relief unless, within 120 days, he was allowed to seek Rule 36.4 relief in state court, with the assistance of counsel. *Id.* at docket entries #6-#8.

Petitioner returned to state court, where appointed counsel filed a Rule 36.4 motion on his behalf. After holding a hearing, the trial court denied relief, and the Arkansas Supreme Court affirmed the denial. *Nelson v. State*, 39 S.W.3d 791 (Ark. 2001).

In 2001, Petitioner filed a second § 2254 habeas action collaterally attacking his 1990 first-degree murder conviction. *Nelson v. Norris*, E.D. Ark. No. 5:01cv00131-JMM. On May 5, 2004, United States District Judge James M. Moody dismissed that case, finding that: (1) two of Petitioner's claims were successive and had been filed without obtaining authorization from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A); and (2) his remaining claim was without merit. *Id.* at docket entries #16, #20, #21.

Petitioner appealed. On December 27, 2004, the Eighth Circuit Court of

Appeals denied his application for a certificate of appealability, and dismissed his appeal. *Id.* at docket entry #25. On October 3, 2005, the United States Supreme Court denied his petition for a writ of certiorari. *Id.* at docket entry #30.

For the reasons set forth below, the Court recommends that this § 2254 action be dismissed, without prejudice, so that Petitioner can seek permission from the Eighth Circuit Court of Appeals to file a successive habeas petition. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.

## II. Discussion

This action constitutes yet another successive § 2254 habeas petition filed by Petitioner challenging his first-degree murder conviction. Only the Eighth Circuit Court of Appeals has the authority to grant Petitioner permission to file such a successive § 2254 habeas petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Petitioner obtains the required order of authorization from the Eighth Circuit, this Court lacks jurisdiction to consider the issues raised in this habeas action. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be GRANTED;

2. This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 8th day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE